Filed 11/2/20  P. v. Ritter CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE, | C090188 |
| Plaintiff and Respondent, | (Super. Ct. Nos. 19CF02433, CM039135) |
| v. | |
| ERIC WAYNE RITTER, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Eric Wayne Ritter filed an opening brief that sets forth the facts of the case and asks this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  After examining the record, we find no arguable error that would result in a disposition more favorable to defendant and affirm.

1

# I.  BACKGROUND

**Case No. CM039135**

In August 2012, Butte County Sheriff's Department received a tip that a person wanted on a warrant was at defendant's property.  While attempting to locate the wanted person, deputies discovered several guns and ammunition.  Defendant's father told officers the guns and ammunition belonged to defendant.  In March 2014, defendant was charged with being a felon in possession of a firearm (Pen. Code, § 29805—count 1),[1] and possession of an assault weapon (§ 30605, subd. (a)—count 2).

In April 2014, defendant pled no contest to count 1 in exchange for dismissal of count 2 with a *Harvey* waiver.[2]  The parties stipulated that the preliminary hearing and probation report could serve as the factual basis for the plea.

In June 2014, the trial court suspended imposition of sentence and placed defendant on three years' probation with various terms and conditions.  The court also imposed various fees and fines.  Defendant was advised of his right to appeal the probation order, but nothing in the record indicates that he did so.

In September 2015, probation filed a notice of violation of probation, alleging defendant had failed to report to his probation officer as required by the terms and conditions of his probation.  A hearing on the notice of violation was set in October 2015.  Defendant failed to appear and a warrant was issued for his arrest.

Probation was revoked on October 8, 2015, and remained in revoked status until defendant appeared in custody three years later, in October 2018, after being arrested for several new offenses.  An amended notice of violation of probation, dated October 19,

---

[1]  Further undesignated statutory references are to the Penal Code.

[2]  See *People v. Harvey* (1979) 25 Cal.3d 754.

2018, alleged defendant failed to report to his probation officer in 2015 and committed two new offenses on October 17, 2018. Defendant was released on his own recognizance subject to the same terms and conditions as previously imposed in case No. CM039135.

Over the next several months, the evidentiary hearing on the violation of probation was continued multiple times. Defendant failed to appear at the continued hearing scheduled on March 28, 2019, and a warrant was issued for his arrest.

**Case No. 19CF02433**

In April 2019, defendant was charged with willful failure to appear (§ 1320.5—count 1), and it was further alleged that when he failed to appear he was released from custody within the meaning of section 12022.1.

In June 2019, defendant pled no contest to count 1, and the remaining on bail enhancement was dismissed. The parties stipulated that the court could rely on the probation report for the factual basis for the plea. At the same hearing, the prosecutor withdrew the October 2018 amended violation of probation petition and instead proceeded with the original petition filed on September 15, 2015. Defendant admitted the violation of probation for failing to report to his probation officer as alleged in the original petition.

**Sentencing in Both Cases**

On July 25, 2019, the court sentenced defendant on the willful failure to appear offense in case No. 19CF02433 to the upper term of three years in state prison, and a consecutive eight months (one-third the midterm) for the felon in possession offense in case No. CM039135. The court awarded him 110 days of actual credit and 110 days of conduct credit in case No. CM039135, lifted the suspension of the $240 probation revocation restitution fine, probation having been revoked, and further imposed a $240 parole revocation restitution fine (§ 1202.45), which was suspended unless parole was revoked. The court also imposed a $300 restitution fine (§ 1202.4) and a $300 parole

revocation restitution fine, suspended unless parole was revoked (§ 1202.45) in case No. 19CF02433, as well as various fees, fines, and assessments.

Defendant timely filed a notice of appeal in both cases; he did not receive a certificate of probable cause.

## II.  DISCUSSION

We appointed counsel to represent defendant on appeal.  Counsel filed an opening brief setting forth the facts of the case and requesting that this court review the record to determine whether there are any arguable issues on appeal.  (*People v. Wende, supra*, 25 Cal.3d 436.)  Defendant was advised of his right to file a supplemental brief within 30 days of the date of filing of the opening brief.  More than 30 days elapsed, and we received no communication from defendant.

Having undertaken an examination of the entire record, we find no other arguable error that would result in a disposition more favorable to defendant.

## III.  DISPOSITION

The judgment is affirmed.

/S/

RENNER, J.

We concur:

/S/

DUARTE, Acting P. J.

/S/

HOCH, J.